## PROCEEDINGS IN AID OF EXECUTION.

[Circuit Court of Cuyahoga County.]

ANTHONY CARLIN v. HOWER & HIGBEE.

Decided, November 24, 1902.

*Debtor of Judgment Debtor—Having Admitted his Indebtedness in Proceedings in Aid of Execution—Is Estopped from Denying the Debt in a Subsequent Action—Appeal—Justice of the Peace.*

1. The debtor of a judgment debtor, against whom proceedings in aid of execution have been brought before a justice of the peace, has the right of appeal from the finding of the justice as to the fact of his indebtedness, and therefore can not claim that he has been denied the right of trial by jury upon that question.

2. In a subsequent action brought by the judgment creditor in the common pleas court for recovery of the sum ordered by the justice to be paid to him, the debtor against whom the order was directed, and upon whose admission of indebtedness it was made, is estopped from then denying the indebtedness.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

The parties here are reversed from what they were in the court of common pleas, but the terms "plaintiff" and "defendant" in this opinion refer to the parties as they were in the original case.

The plaintiff brought a suit against Anthony Carlin and another, but no service was had upon the other defendant, so that no attention need be paid to him in this opinion.

The petition sets out that the plaintiff recovered a judgment against one Quigley before a justice of the peace; that such judgment has never been paid; that thereafter proceedings such as are authorized by Section 6680-1, Revised Statutes, *et seq.*, were had before the same justice; that the defendant was duly notified, and that the same came on to be heard before said justice on May 2, 1899. "And thereupon, on said second day of May, 1899, such proceedings were duly had in accordance with such statute that, it appearing by the admission of said defendants, Anthony Carlin and Rose Carlin (the other defendant), that they were then indebted to said Quigley in a sum sufficient to satisfy said judgment and costs of said proceedings, which sum was then due and payable, by the consideration of said justice of the peace, this plaintiff duly recovered an order against said defendants, Anthony Carlin and Rose Carlin, ordering them to pay to this plaintiff the sum of $165.90," and that the defendants have failed to pay any part of the amount so ordered to be paid.

To this petition the defendant, Anthony Carlin, filed an answer, in which he admitted the recovery of the judgment by the plaintiff against Quigley, and that the proceedings in aid of execution were had upon such judgment, as is set out in the petition. The answer, however, specifically denies that the defendant is now, or ever was, indebted in any sum whatever to said Quigley, and there is also a general denial, which puts in question the issue of whether he admitted before the justice of the peace upon proceedings referred to that he was so indebted.

Upon motion of the plaintiff, which is a partnership, judgment was awarded it upon the pleadings, and it is to reverse this judgment that the present petition in error is filed.

This raises the question of the effect of the order made by the justice of the peace in the proceeding before him under the statute referred to.

It is urged on the part of the plaintiff in error that the defendant is not estopped from denying his indebtedness to Quigley by this order of the justice. It is said that the proceedings provided for in the statute are summary, and that the defendant would, if he is not now permitted to deny the indebtedness,

be precluded from having the question of his indebtedness to Quigley tried by a jury.

This action was brought under favor of Section 6680-5, Revised Statutes, which reads:

"If the justice shall make an order, pursuant to the preceding section, directing the payment of money by the person, partnership or corporation, against whom the aforesaid proceedings are instituted, and if such person, partnership or corporation fail to comply with said order, the judgment creditor may proceed against such person, partnership or corporation by civil action; and thereupon such proceedings may be had as in other civil actions, and judgment may be rendered in favor of the judgment creditor for what shall appear to be owing the judgment debtor by such person, partnership or corporation, not exceeding the amount of such order and the costs of the proceeding against such person, partnership or corporation. An appeal shall lie from such proceedings to the common pleas court in like cases and manner as from other judgments of the justices of the peace."

It will be noticed that an appeal is provided for in this section. The language, "An appeal shall lie from such proceedings to the common pleas court in like cases and manner as from other judgments of the justices of the peace" is perhaps not altogether clear as to what may be appealed from.

It has been held, however, by the Circuit Court of Lucas County, in the case of *Deveaux* v. *Leslie*, 18 C. C., 482, that under this section an appeal lies from the order of payment made by the justices, and in the opinion Judge Haynes calls attention to the fact that if it was not intended by the statute to give an appeal from such order, there was no occasion to provide for an appeal at all, because the civil action provided for in the section to be brought against the debtor of the judgment debtor would be appealable under the general statutes providing for appeals.

We are disposed to concur in this judgment of the Lucas county court and to hold that the defendant, Carlin, might have appealed from that decision, and if so, the contention that he would be deprived of a trial by jury upon the question of his indebtedness to Quigley is disposed of. But, it is urged, that

even if this be true, since the provision of the statute is that, upon suit being brought against the debtor of the judgment debtor, "such proceedings may be had as in other civil actions, and judgment may be rendered in favor of the judgment creditor for what shall appear to be owing the judgment debtor by such person, partnership or corporation not exceeding the amount of such order," etc., implies that the judgment may be for a less amount than the amount of the order, and that, therefore, the defendant must be permitted to set up that he is not indebted to the judgment debtor. Though this is not without some weight, we think it is not sound. Whatever defense Carlin could have made in an action brought against him upon a judgment, he could doubtless make in this case, and no other.

In 3 Freeman Executions (3d Ed.), Section 423a, p, 2269, speaking of proceedings in aid of execution, it is said:

"The orders made in supplementary proceedings involve the determination of issues of fact and the application thereto of rules of law; and, as they settle the rights of the parties before the court, they must be given the effect of *res judicata* in all subsequent proceedings between those parties and others in privity with them. Hence, if by such orders money is adjudged to be paid or property to be delivered, they establish the right of the one party to such payment or delivery and the duty of the other to make it.

"The parties before the court are the judgment debtor, the judgment creditor and the persons cited to appear or voluntarily appearing. All these are bound by the order or judgment of the court or judge, because they are parties thereto and entitled as such to seek redress by some revisory proceeding if the order is erroneous."

Our conclusion, therefore, is that the facts set up in the answer filed by the defendant do not constitute a defense to the facts set out in the petition, and that the judgment of the court of common pleas was right, and the same is affirmed.

*Ben C. Starr,* for plaintiff in error.

*White, Johnson, McCaslin & Cannon,* for defendant in error.